ORIGINAL

CLERK'S OFFICE
Atlanta
AUG 27 2003
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARTHLINK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-25 (the "Alabama Spammers"); JOHN DOES 26-50 (the "Vancouver Spammers"); and JOHN DOES 51-100,<br><br>Defendants. | CASE NO. 1:03-CV-2559<br><br>GET |

**PLAINTIFFS EARTHLINK, INC.'S MANDATORY DISCLOSURES**

Pursuant to Local Rules 26.1B (a) and 26.1C, Plaintiff EarthLink, Inc. ("EarthLink") makes the following Mandatory Disclosures. This initial disclosure will be supplemented or amended as necessary in accordance with L.R. 26.1F.

1. **State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**A. Causes Of Action**

1. Federal Civil RICO Violations
2. Electronic Communications Privacy Act Violations
3. Violation of the Computer Fraud And Abuse Act
4. Unfair Competition - False Designation (Lanham Act)
5. Dilution of Famous Mark (Lanham Act)

2

6. Georgia Civil Rico Violations
7. Breach of Terms of Service
8. Violation of Georgia Computer Systems Protection Act
9. Unfair Competition (State)
10. Deceptive Trade Practices
11. Misappropriation Of Computer Resources
12. Conversion
13. Trespass
14. Unjust Enrichment

**B. Factual Outline of Case**

*Plaintiff EarthLink, Inc.*

Plaintiff EarthLink is one of the largest ISPs in the world, providing Internet connectivity and e-commerce-related services to roughly 5 million individuals and businesses from more than 5,000 points of presence ("POP's"). Among the Internet-related services offered by EarthLink is e-mail service, by which EarthLink's members are allowed to compose, send, and retrieve e-mail messages. EarthLink members may send and receive e-mails to and from other EarthLink members, as well as any other Internet users. EarthLink's costs of doing business are borne in part by membership fees and service fees paid by its members and by advertisers and sponsors, whose "banner style" ads and/or links appear at various points on the EarthLink web site. EarthLink carries on the dedication to customer service and satisfaction of

its predecessor companies (including EarthLink Network, Inc. and MindSpring Enterprises, Inc., who merged in February 2000 to form the current EarthLink).

EarthLink has invested substantial sums of money in developing and marketing its Internet-related and e-mail-related services. EarthLink's e-mail system is operated through dedicated computers known as "servers" which store and route e-mail messages for EarthLink members. The system was created and is maintained solely for the benefit of EarthLink's members, who must agree to specific terms of use prior to activation of their accounts. These terms include, and have at all relevant times included, strict prohibitions against use of the EarthLink system or name in relation to spamming or spoofing, as well as the use of false or fraudulent information in relation to account activation.

Each EarthLink member is given a unique EarthLink address so that he or she can send and receive e-mail via personal computer. Each member's address consists of a unique name selected by the member plus the EarthLink domain designation. (For example, user John Doe III might choose "johndoeIII@earthlink.com" as his e-mail address.) Some EarthLink users have e-mail addresses that end in other domains (such as "mindspring.com"), which are a carry-over from the EarthLink/Mindspring merger and other acquired companies/domains. EarthLink's mail servers have a

finite capacity designated to accommodate the demands imposed by EarthLink's members. EarthLink's computer system is not designed to accommodate, and is vulnerable to disruption by, indiscriminate mass mailings, as described below, from irresponsible and criminal parties like Defendant.

*Defendants And Their Wrongful Acts - Generally*

Defendants are criminals. They have engaged in illegal acts, including credit card theft and/or the receipt and use of stolen credit card numbers or computer accounts, fraud, spamming, and spoofing. Specifically, they have engaged in unsolicited commercial e-mail campaigns in relation to which they have: converted and trespassed upon EarthLink's computer equipment for their own purposes; stolen and resold Internet-related services from EarthLink or knowingly received services stolen by someone else); stolen passwords and credit-card numbers from innocent third-parties (or knowingly received the same); infringed upon the intellectual property of EarthLink; damaged EarthLink's business reputation; and/or otherwise committed the wrongful acts described below. Each Defendant has at all times been aware of the illegality of and harm caused by his spamming and spoofing schemes. The specific illegal acts of the defendants include those described below.

(a)

John Does 1-25 include those people or entities collectively

dubbed the "Alabama Spammers" by EarthLink's Abuse Department. Prior to and throughout 2003, the Alabama Spammers have used stolen and/or bogus credit card numbers and bank account numbers to fraudulently purchase hundreds of dial-up Internet accounts from EarthLink. The Alabama Spammers then use the stolen EarthLink accounts in furtherance of their illegal campaigns of unsolicited commercial e-mail. The name assigned to these spammers by EarthLink (the "Alabama Spammers") arises from the frequent use by these spammers of phone lines in or around Birmingham, Alabama to connect to EarthLink POPs in that area. The Alabama Spammers' criminal organization is technologically sophisticated and includes the following characteristics:

- the use of automated dialing and log-on devices that can attempt thousands of connection attempts per hour;
- the use of certain of the stolen EarthLink accounts as "monitor accounts," which the Alabama Spammers include in their spam mailing lists and then periodically check to ensure that their spam e-mails are not being filtered or otherwise intercepted by EarthLink;
- the use by the Alabama Spammers of a hierarchy of bogus names, false addresses, and non-existent corporate entities to disguise the true identities of the involved individuals; and
- the use of dynamically-hosted web sites, in relation to which a given Alabama Spammer posts his web site at the dynamic IP address assigned by EarthLink to the his computer when he connects to the Internet using a stolen EarthLink dial-up account.

The dubious products and services advertised in the Alabama

Spammers' illegal e-mails include "herbal Viagra," adult matchmaking services, and spam-for-hire services.

(b)

John Does 26-50 include those people or entities collectively dubbed the "Vancouver Spammers" by EarthLink's Abuse Department. (The working name "Vancouver Spammers" arises from the frequent use by these spammers of phone lines in or around Vancouver, British Columbia to connect to EarthLink POPs in that area of Canada.) Prior to and throughout 2003, John Does 26-50 have used stolen and/or bogus credit card numbers and bank account numbers to fraudulently purchase hundreds of dial-up Internet accounts from EarthLink. The Vancouver Spammers in turn use the stolen EarthLink accounts in furtherance of their illegal campaigns of unsolicited commercial e-mail, which almost always involve a category of Internet fraud/identity theft known as "phishing" (the "hacker-speak" spelling of "fishing"). Specifically, pursuant to this scam, the Vancouver Spammers use the EarthLink e-mail system to send massive numbers of fraudulent e-mails to Internet users in which the Vancouver Spammers impersonate the recipient users' ISP (often America Online). The e-mails direct the recipient/victim to respond with credit card information, account/password information, social security number, and/or other similarly confidential information. The bogus e-mail typically claims that the victim's ISP has lost the

victim's account payment information or has otherwise experienced payment-related problems in relation to the victims account. The e-mail directs the victim to provide the requested information via either a return e-mail or a similarly-bogus, linked-to web site made to look like an "official" site.

(c)

John Does 51-100 include other people or entities who have used stolen and/or bogus credit card numbers and bank account numbers to fraudulently purchase dial-up Internet accounts from EarthLink and/or who have used EarthLink's Internet resources in furtherance of their illegal campaigns of unsolicited commercial e-mail.

**C. Succinct Statement Of Legal Issues**

Whether, in relation to each of the causes of actions set forth above in subsection A, each Defendant is liable to Plaintiff?

If the answer to the immediately preceding question is "yes" in relation to one or more of the causes of action, is the Plaintiff entitled to injunctive relief?

If the answer to the immediately preceding question is "yes" in relation to one or more of the causes of action, what damages resulted to Plaintiff?

**2. Describe in detail all statutes, codes regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

**A. Federal Civil RICO Violations.**

This claim is based upon federal statutory and case law concerning civil recovery for violations of the federal civil RICO statutes, including the following:

18 U.S.C. § 1961

18 U.S.C. § 1962

18 U.S.C. § 1964

**B. Violation of the Electronic Communications Privacy Act.**

This claim is based upon federal statutory and case law concerning civil recovery under the Electronic Communications Privacy Act, including the following:

Chapter 121 the Electronic Communications Privacy Act, 18 U.S.C. § 2701 et seq.

**C. Violation of the Computer Fraud And Abuse Act.**

This claim is based upon federal statutory and case law concerning civil recovery under the Computer Fraud And Abuse Act, including the following:

18 U.S.C. § 1030 et seq.

**D. Unfair Competition (Lanham Act).**

This claim is based upon federal statutory and case law concerning civil recovery for false designation of origin under

the Lanham Act, including the following:

Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a)

**E. Dilution of Famous Mark (Lanham Act).**

This claim is based upon federal statutory and case law concerning civil recovery for dilution of a famous mark, including the following:

Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c)

**F. Georgia Civil RICO Violations.**

This claim is based upon state statutory and case law concerning civil recovery for violations of the Georgia civil RICO statutes, including the following:

O.C.G.A. 16-14-3

O.C.G.A. 16-14-4

O.C.G.A. 16-14-6

**G. Breach of Contract (Acceptable Use Policy)**

This claim is based upon state statutory and case law concerning civil recovery for breach of contract, including the following:

Title 13 of the O.C.G.A.

**H. Violation of the Georgia Computer Systems Protection Act**

This claim is based upon state statutory and case law

concerning trespass upon and theft of computer resources, including the following:

O.C.G.A. §§ 16-9-90 et seq.

**I. Unfair Competition (State).**

This claim is based upon state statutory and case law concerning civil recovery for unfair competition under Georgia law, including the following:

O.C.G.A. § 23-2-5

**J. Deceptive Trade Practices.**

This claim is based upon state statutory and case law concerning civil recovery for deceptive trade practices under Georgia law, including the following:

O.C.G.A. § 10-1-372 et seq.

**K. Misappropriation of Computer Resources.**

This claim is based upon state statutory and case law concerning civil recovery for misappropriation of computer resources under Georgia law, including the following:

O.C.G.A. § 16-9-90 et seq.

**L. Conversion.**

This claim is based upon state statutory and case law concerning civil recovery for conversion under Georgia law, including the following:

Wood v. Frank Graham Co., 91 Ga. App. 621, 86 S.E.2d

691 (1955).

**M. Trespass.**

This claim is based upon state statutory and case law concerning civil recovery for trespass under Georgia law, including the following:

Young v. Faulkner, 228 Ga. App. 587, 492 S.E.2d 331 (1997).

**N. Unjust Enrichment.**

This claim is based upon state statutory and case law concerning civil recovery for unjust enrichment under Georgia law, including the following:

Watson v. Sierra Contracting Corp., 226 Ga. App. 21, 485, S.E.2d 563 (1997).

**3. Provide the name and, if known, the address and telephone number of each individual likely to have discovery information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of information. (Attach witness list to Responses to Mandatory Disclosures as Attachment A).**

Please see Attachment A

**4. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Mandatory Disclosures as Attachment B).**

Plaintiff has not yet selected an expert or experts to

testify at trial. See Attachment B.

5. **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that are relevant to disputed facts alleged with particularity in the pleadings, (Attach document list and descriptions to Responses to Mandatory Disclosures as Attachment C.)**

   See Attachment C

6. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Mandatory Disclosures as Attachment D.)**

   See Attachment D.

7. **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses to Mandatory Disclosures as Attachment E.)**

   See Attachment E.

8. **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

   None.

This 27th day of August, 2003.

Respectfully submitted,

**WELLBORN & BUTLER, LLC**

Paul F. Wellborn, III
Georgia Bar No. 746720

1372 Peachtree St., N.E., Suite 204
Atlanta, GA 30309

Phone: (404) 815-9595
Fax: (404) 815-9957

Attorney for EarthLink, Inc.

**ATTACHMENT A**

Mary Youngblood (EarthLink's Fraud & Abuse Director)

Other to-be-designated employees of EarthLink.

**ATTACHMENT B**

To be supplemented.

**ATTACHMENT C**

Pertinent documents are attached to Plaintiff's Complaint as exhibits.

**ATTACHMENT D**

Loss of Business Reputation and Loss of Future Profits: To be determined at trial

Legal Fees: To be determined at time of trial

Administrative Costs and Overhead: To be determined at time of trial

Other elements under calculation.

This attachment will be supplemented by Plaintiff.

**ATTACHMENT E**

None.

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EARTHLINK, INC., Plaintiff, | ) | |
| v. | ) | CASE NO. ____________ |
| JOHN DOES 1-25 (the "Alabama Spammers"); JOHN DOES 26-50 (the "Vancouver Spammers"); and JOHN DOES 51-100, Defendants. | ) | |

**RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

This certifies that the foregoing was prepared using 12 point Courier New font and accordingly complies with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

This 27th day of August, 2003.

**WELLBORN & BUTLER, LLC**

Paul F. Wellborn, III
Georgia Bar No. 746720

1372 Peachtree St., N.E., Suite 204
Atlanta, GA 30309
Phone: (404) 815-9595
Fax: (404) 815-9957

Attorney for EarthLink, Inc.