# EXHIBIT A
(Agreement Resolving Claims Against And Regarding Future Conduct Of Defendants DeCrescenzo And Burstyn)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARTHLINK, INC., )
)
       Plaintiff, )
)
v. ) CASE NO. 1 03 CV 2559 JOF
)
)
ALBERT AHDOOT; ALYXSANDRA SACHS; )
NET GLOBAL MARKETING, INC.; ANDY )
POPE; SCOTT MASLOWE; FRED LUSKY; )
DEBBIE CAWDREY; NETBENDERS, LLC; )
ISN, LLC; MARC MILLINE a/k/a MARK )
VALENTINO a/k/a EMARKETING )
SOLUTIONS; DAMON DECRESCENZO; )
DAVID BURSTYN; PATHING NETWORKS, )
INC.; HERBAL GROUPS, INC.; PAT )
GALVIN; JOHN DOES 17-50; STEVE )
GOODWIN; AND DEREK GOODWIN, )
)
       Defendants. )

### AGREEMENT RESOLVING CLAIMS AGAINST AND REGARDING FUTURE CONDUCT OF DEFENDANTS DECRESCENZO AND DAVID BURSTYN

Plaintiff EarthLink, Inc. ("EarthLink") and Defendants Damon DeCrescenzo ("DeCrescenzo") and David Burstyn ("Burstyn") (collectively, the "Defendants") hereby stipulate and agree as follows:

### I. DEFINITIONS

**A. "Action"** refers to the above-styled lawsuit.

**B. "Agreement"** refers to this Agreement Resolving Claims Against And Regarding Future Conduct Of Defendants Damon DeCrescenzo and David Burstyn.

C. **Released Claims** refers to all claims and causes in EarthLink's favor and against these Defendants that arise from or relate in any way to the alleged sending by Defendants of unsolicited commercial e-mail at any time prior to the execution of this Agreement.

D. **Other Terms of Art**: To the extent that any term of industry or term of art is used but not defined herein, such definition shall be taken from the attached Order Of Permanent Injunction (Exhibit A hereto), which is incorporated herein by reference in full as if set forth in its entirety.

## II. RECITALS

EarthLink filed the Action against Defendants and others in the United States District Court for the Northern District of Georgia, Atlanta Division. EarthLink sought damages and injunctive relief under various theories for the allegedly illegal e-mail-related practices of Defendants and the other defendants. Burstyn was, however, never served with the amended complaint. Without admitting liability for or complicity in the complained-of acts in any manner, but to avoid the uncertainties and expenses of litigation, Defendants agree to resolve this matter on the terms set forth herein.

### III. COVENANTS AND RELEASE

In consideration of the mutual covenants herein contained, and for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged by and between the parties herein, the parties agree as follows:

#### A. Consent To Entry Of Permanent Injunction

Defendants stipulate and agree that the Order Of Permanent Injunction attached hereto at Exhibit A may be entered *instanter* as the permanent order of this Court. Without regard to the timing of the entry of that Order, all parties shall immediately and at all times hereafter strictly abide by the prohibitions set forth in that Order and the terms of this Agreement.

#### B. Release Of EarthLink's Claims

For and in consideration of Defendants' execution of this Agreement and Defendants' payment of a previously-agreed upon monetary sum (the amount of which was memorialized in a separate written document and which no party nor their attorneys shall disclose to any third-party, except in the event of litigation involving this Agreement or unless disclosure is otherwise required by law), EarthLink releases and forever discharges the Defendants from the Released Claims. Promptly upon receipt by EarthLink of the settlement funds and the executed Agreement,

EarthLink shall move this Court for the dismissal with prejudice of all claims against Defendants.

### C. Defendants' Release Of Claims

Defendants waive and forever release any and all claims that existed in the past or that now exist in either or both of their favors against EarthLink and/or its agents, officers, directors, employees, contractors, and/or attorneys.

### D. Scope Of The Parties' Release

It is the intention and understanding of the parties hereto, in executing this Agreement, that it shall be effective as a full and final accord and satisfaction and compromise and release, as between them and them only, unless otherwise expressly set forth herein, of each and every settled or released matter. No other party is released hereby, and no other claims are waived or limited in any way as to any third-party.

## IV. OTHER TERMS AND PROVISIONS

### A. Governing Law

This Agreement shall be governed and interpreted in accordance with the laws of the State of Georgia. Each party hereto agrees that the laws of the State of Georgia shall apply and that any action brought hereunder shall be subject to the laws and statutes of the State of Georgia. Defendant agrees

4

that, for purposes of actions arising from or relating to this Agreement, Defendant shall be subject to the jurisdiction and venue of the federal and/or state courts situate in Fulton County, Georgia.

### B. Integrated Agreement

This Agreement contains the entire understanding and agreement between the parties, and the terms and conditions contained herein shall inure to the benefit of, and be binding upon, the heirs, representatives, successors and assigns of each of the parties hereto. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the parties hereto. The parties hereto acknowledge that this Agreement has been executed without reliance upon any other promises, representations, or warranties.

### C. Modification

No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by all of parties. No waiver of any of the provisions of this Agreement shall be deemed to constitute a waiver of any other provision whether or not similar, nor shall waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the

parties making the waiver.

### D. Binding On Successors

This Agreement and the covenants and conditions contained herein shall obligate, bind, extend to, and inure to the benefit of the parties and each of their respective successors in interest, including, but not limited to, their administrators, executors, owners, partners, officers, directors, shareholders, legal representatives, assignees, attorneys, successors, and agents or employees of the parties hereto.

### E. Construction

This Agreement is to be interpreted, enforced, and governed by and under the laws of the State of Georgia. Language in all parts of the Agreement shall be in all cases construed as a whole according to essence and intent of the Agreement.

### F. Corporate Authority

Any entity or association that is a party to this Agreement represents and warrants that the person executing this Agreement on its behalf is duly authorized to do so.

### G. Attorney Fees And Interest

Except as provided herein, all attorney fees and costs incurred through the date of this Agreement shall be borne by the respective parties and each party agrees to and hereby does waive any claim, or claims, against any of the other parties for

6

the reimbursement of all, or any portion, of said fees or costs. However, should any party be forced to bring suit to enforce or interpret any part of this Agreement, the prevailing party shall also be entitled to recover its costs and actual attorney fees.

### H. Gender Neutral

Whenever in this Agreement the context may so require, the masculine, feminine, and neuter genders shall be each deemed to include the other and the singular and the plural shall refer to one another.

### I. Counterparts

This Agreement may be executed in duplicate counterparts, each of which shall be deemed an original and all of which shall constitute an agreement to be effective as of the date of signing. Further, signatures transmitted and memorialized by facsimile shall be deemed to have the same weight and effect as an original signature. The parties may agree that an original signature will be substituted at some later time for any facsimile signature.

### J. Captions And Interpretations

The paragraph titles and captions are inserted in this Agreement as a matter of convenience. As such, the paragraph titles or captions are not intended to define or describe the scope of any provision.

### K. Invalid Clause May Be Severed

If any provision, clause, or part of the Agreement is adjudged illegal, invalid, or unenforceable, the balance of this Agreement shall remain in full force and effect.

### L. Cooperation

As a material term of this Agreement, each Defendant warrants, represents, and agrees that, for a period of two (2) years, he will provide full and complete cooperation to EarthLink in relation to EarthLink's investigation and/or prosecution of its claims against other people or entities engaged in Prohibited Conduct or similar spam-related misconduct. "Full and complete cooperation" shall include but not be limited to: (1) the prompt provision of all information, documents, and other materials in Defendant's possession, custody or control that were received from, provided to, or that relate in any way to senders of commercial e-mail, as may be requested from time to time by EarthLink in its sole discretion; (2) the verbal provision of other commercial-e-mail-related information when requested by EarthLink in its sole discretion, including but not limited to (if specifically requested by EarthLink) the giving of oral or written sworn statements; and (3) response, within a reasonably prompt period of time, to such other questions or inquiries regarding spam-related matters as

8

may be posed from time to time by EarthLink. In the event that EarthLink seeks the cooperation of any Defendant under this paragraph, EarthLink will reimburse reasonable out-of-pocket expenses incurred by either Defendant in complying with his/their duties under this Agreement.

> **READ CAREFULLY BEFORE SIGNING. EACH PARTY HERETO ACKNOWLEDGES THAT HE/SHE/IT HAS READ THIS AGREEMENT AND FULLY KNOWS, UNDERSTANDS AND APPRECIATES ITS CONTENTS. EACH PARTY FURTHER ACKNOWLEDGES THAT HE/SHE/IT HAS EXECUTED THIS AGREEMENT OF ITS OWN FREE WILL.**

This Agreement shall become effective immediately upon the its execution by the parties.

**DEFENDANT DAMON DECRESCENZO**

_____
Damon DeCrescenzo

Sworn and subscribed before me this ___ day of September, 2004.

_____
Notary Public
My Commission expires:

SUSANA CARVAJAL
MY COMMISSION # DD 328403
EXPIRES: June 26, 2008
Bonded Thru Notary Public Underwriters

**DEFENDANT DAVID BURSTYN**

_____
David Burstyn

Sworn and subscribed before me this ___ day of September, 2004.

_____
Notary Public
My Commission expires:

SUSANA CARVAJAL
MY COMMISSION # DD 328403
EXPIRES: June 26, 2008
Bonded Thru Notary Public Underwriters

9

PLAINTIFF EARTHLINK, INC.

By: Larry Slovensky, Esq.
Assistant General Counsel

Sworn and subscribed
before me this 21 day of DEC, 2004.

Notary Public
My Commission expires:

NICOLE HODGES
NOTARY PUBLIC - State of Georgia
Gwinnett County
My Commission Expires July 9, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARTHLINK, INC.,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  ) CASE NO. 1 03 CV 2559 JOF
                                    )
                                    )
ALBERT AHDOOT; ALYXSANDRA SACHS;    )
NET GLOBAL MARKETING, INC.; ANDY    )
POPE; SCOTT MASLOWE; FRED LUSKY;    )
DEBBIE CAWDREY; NETBENDERS, LLC;    )
ISN, LLC; MARC MILLINE a/k/a MARK   )
VALENTINO a/k/a EMARKETING          )
SOLUTIONS; DAMON DECRESCENZO;       )
DAVID BURSTYN; PATHING NETWORKS,    )
INC.; HERBAL GROUPS, INC.; PAT      )
GALVIN; JOHN DOES 17-50; STEVE      )
GOODWIN; AND DEREK GOODWIN,         )
                                    )
        Defendants.                 )

## ORDER OF PERMANENT INJUNCTION AGAINST DEFENDANTS DECRESCENZO AND BURSTYN

**IT IS HEREBY ORDERED** that Defendants Damon DeCrescenzo ("DeCrescenzo") and David Burstyn ("Burstyn") shall be and are hereby **permanently enjoined** from engaging in "**Prohibited Conduct**" as that term is defined below.

### SCOPE OF PROHIBITED CONDUCT AND OTHER DEFINITIONS

1. "**EarthLink**" refers to EarthLink, Inc. and its agents, officers, contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or

related companies and entities, assignees, and successors-in-interest.

2. **"Defendant-Related Company"** refers to any person or corporation (past, present, or future) in relation to whom/which Defendant is an agent, officer, contractor, director, owner, shareholder, employee, advisor, partner, or the like.

3. **"EarthLink e-mail address"** refers to any and all e-mail addresses maintained by, registered with, or maintained at or with facilities, resources, or equipment owned or operated by or on behalf of EarthLink. These include all e-mail addresses associated with a domain name composed in whole or in part by "earthlink" or "mindspring".

4. **"Internet e-mail address"** refers to any and all e-mail addresses on the Internet, including those maintained by, registered with, or maintained at or with facilities, resources, or equipment owned or operated by or on behalf of any Internet Services Provider ("ISP"). As used herein, the term "ISP" shall include all entities within the scope of "interactive computer service" ("ICS") as that term is defined in 47 U.S.C. §230(e)(2) and includes but is not limited to providers and sellers of Internet-related e-mail services.

5. **"E-mail," "electronic message,"** and all similar terms shall be given the broadest possible construction herein.

2

Each such term shall include, but not be limited to, e-mails and other such messages (including "Instant Messages" and the like) effected by use of, or with the assistance of, or via access to the resources, equipment, and/or computer system of any ISP.

6. **"EarthLink subscriber"** refers to any Internet user with an EarthLink e-mail address.

7. **"Internet subscriber"** refers to any Internet user with an Internet e-mail address.

8. **"Prohibited Conduct"** shall mean any and/or all of:

    A.    <u>Spamming And Co-Spamming.</u>

Knowingly causing, authorizing, participating in, or intentionally or recklessly assisting or recklessly enabling others in the sending of any commercial or promotional messages or solicitations (<u>i.e.</u>, "Prohibited Messages") via e-mail to any EarthLink e-mail addresses and/or to any Internet e-mail addresses without the express prior permission by affirmative conduct of EarthLink or the recipient EarthLink subscriber in the case of an EarthLink e-mail address or, in the case of any other Internet e-mail address, the express prior permission by affirmative conduct of all related ISP's and/or that particular Internet subscriber. "Spamming" and "Co-Spamming" shall also include the posting of any commercial or promotional messages to

3

any newsgroup, bulletin boards, or the like, the intended subject of which is non-commercial and/or which is devoted to a topic unrelated to such postings.

> **B. Failure To Maintain Remove Request Means For, Or Honor Remove Request From, "Non-Objecting Former Customers".**

Knowingly causing, authorizing, participating in, or intentionally or recklessly assisting or knowingly enabling others in the sending of any commercial or promotional messages or solicitations via e-mail to any permitted recipient (i.e., one who has in fact expressly requested to receive such e-mails), where such commercial or promotional message or solicitation does not contain and include:

(1) the true originating e-mail address (i.e., the sender's true e-mail address); and

(2) a fully-operational return e-mail address or link to web-site database to which or by which the recipient may respond to Defendant's promotional e-mails with requests that the respective recipient/domain owner/ICS be removed from Defendant's mailing list.

The return e-mail address or web-site link must provide an "instant reply option" (i.e., the requesting party must be able to send the remove request via a click or double-click of the requester's mouse). Furthermore, all "remove requests" must be honored within 24 hours, notwithstanding the manner or means received. To be considered "fully operational" under the terms

4

of this paragraph, the e-mail address or web site comprising the instant reply option must be up and running for a continuous 30 day period immediately following the sending of the underlying commercial e-mail.

### C. Spoofing And Co-Spoofing.

Knowingly causing, authorizing, participating in, or intentionally or recklessly assisting or knowingly enabling others in the use of any false or misleading reference to:

(1) any ICS, ISP, or Internet subscriber;

(2) any Internet e-mail address, domain, or domain owner;

(3) the equipment of that ISP, ICS, Internet subscriber, or domain owner; and/or

(4) that ICS's, ISP's, or Internet subscriber's computer system or resources

in any electronic message or in a newsgroup posting. The conduct prohibited by this paragraph includes, but is not limited to, the insertion of false or misleading originating e-mail addresses, return or reply e-mail addresses, and/or the manual manipulation or falsification of any e-mail header.

### D.  Cloaking, Co-Cloaking, And Relay.

Knowingly causing, authorizing, participating in, or intentionally or recklessly assisting or knowingly enabling others in the modification, disguise, elimination, or erasure of the identification of the originating address and/or header of or for any commercial or promotional e-mail sent to an EarthLink subscriber or to an Internet subscriber, or otherwise aiding or assisting in any way to the attempts of the sender of any commercial or promotional e-mail to an EarthLink or Internet subscriber to make impossible or more difficult the identification of the sender.  Among the conduct expressly prohibited by this paragraph is any unauthorized use of "third-party relay" in relation to the sending of e-mail, as well as any access to or use of the computer resources of any ISP or Internet subscriber not related to or in privity of contract with the sender and/or the recipient of the relevant e-mail or electronic message.

### E.  Software Distribution.

The knowing sale, offer, or other distribution of any software that specifically enables or assists in the sending of bulk, cloaked, and/or third-party relayed e-mails.

**F.     Sale Of E-Mail Addresses.**

The knowing sale, offer, or other commercial distribution of one or more e-mail lists containing the address of any EarthLink subscriber and/or other Internet subscriber.

**G.     Trade Libel.**

Knowingly causing, authorizing, communicating, or intentionally or recklessly assisting others in communicating defamatory verbal and electronic statements regarding EarthLink's or any other ISP's products, business goods and/or services.

**H.     Other Unauthorized Access.**

Knowingly accessing, trespassing upon, or using in any way the computer system, resources, servers, and/or equipment of EarthLink or any other ISP other than as is expressly permitted by the concerned ISP. This includes violations of the Terms of Service, Acceptable Use Policy, or the like, of any web site or service.

**IT IS SO ORDERED THIS ___ DAY OF _____, 2005.**

 

Judge J. Owen Forrester
United States District Court for the
Northern District of Georgia,
Atlanta Division