IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARTHLINK, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:03-CV-2559-JOF |
| ANDY POPE; SCOTT MASLOWE; : | |
| FRED LUSKY; NETBENDERS, LLC, : | |
| a Michigan limited liability company; : | |
| ISN, LLC, a Michigan limited liability : | |
| company; and JOHN DOES 17-50, : | |
| a/k/a the Alabama Spammers, : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Defendant Pope's motion to introduce more instances of harassment [154-1]; Plaintiff's motion to compel [157-1]; Plaintiff's motion for sanctions [157-2]; Plaintiff's motion for discovery sanctions [158-1]; Plaintiff's motion to strike [158-2]; Defendant Pope's motion for reconsideration [168-1]; Defendant Pope's motion to remove Debbie Cawdrey from consent judgments [169-1]; Plaintiff's motion for judgment instanter [171-1]; and Plaintiff's motion for order [172-1].

The court has reviewed the procedural history of this case on numerous occasions. In an order dated August 31, 2006, the court denied certain Defendants' motion to compel

arbitration and in the alternative motion to dismiss for lack of personal jurisdiction. The court then directed Defendants to answer Plaintiff's Second Amended Complaint.

Since the time of that order, the parties engaged in attempts to settle the litigation. To that end, the court twice granted the parties' joint motion for an extension of time to file answer. At the end of November 2006, it became clear to the court that some parties believed a settlement had been reached while Defendant Pope did not agree and requested that the court refer the matter to a mediator. In an order dated December 8, 2006, the court denied Defendant Pope's request for the appointment of a mediator. In doing so, the court noted that it "*appears* to the court – ***without the benefit of argument*** – that a final and complete settlement agreement was reached by the parties." *See* Order, dated Dec. 8, 2006, at 2 (emphasis added).

Since that time both Plaintiff and Defendant Pope have filed several motions, and Defendant Pope sent a letter to the court that was not filed or served upon any other party. As an initial matter, the court notes that it purposefully did not rule on the validity of any settlement agreement purportedly reached by the parties in its December 8, 2006 order. Rather, the court noted that without hearing anything more from the parties it appeared that some sort of agreement had been reached thus rendering unnecessary the appointment of a mediator. Because the court has not (yet) been asked to rule on the validity of the settlement agreement, the court DENIES AS MOOT Defendant Pope's motion to reconsider the validity

of the settlement agreement [168-1]; DENIES Plaintiff's motion for judgment instanter [171-1] and DENIES Plaintiff's motion for order [172-1]. Rather, because there is clearly a dispute as to whether a settlement was reached, the court DIRECTS Plaintiff to file a motion to enforce settlement agreement within twenty (20) days from the date of this order if it wishes to attempt to enforce the agreement allegedly reached on October 4, 2006.

The court recognizes that in its motion for an order [172-1], Plaintiff has attached a consent order of permanent injunction which relates only to those Defendants previously referred to by the court as the Netbender Defendants. While this motion would seemingly be independent of Defendant Pope, the proposed consent order of permanent injunction references and incorporates Exhibit B which is a proposed consent judgment seeking a judgment be entered jointly and severally against the Netbender Defendants, as well as Defendant Pope, in the amount of $13,000,000. Obviously, no judgment can be entered against Defendant Pope until the matter of the validity of the settlement agreement is resolved.

With respect to the correspondence from Defendant Pope received by the court on December 26, 2006, the court will only characterize it as describing a basis upon which Defendant Pope believes he can defend against the validity of the settlement agreement. Obviously, such ex parte communication cannot be utilized in the course of the litigation. The court instructs Defendant Pope that should he wish to defend against the settlement agreement on any basis, he must respond to Plaintiff's motion to enforce settlement within the structure

3

AO 72A
(Rev.8/82)

established by the court's Local Rules and clearly set forth any and all reasons for his opposition to Plaintiff's motion to enforce settlement agreement. As he has chosen to represent himself in this matter, the court can offer no other advice to Defendant Pope other than to say that his response may not be filed under seal.[1]

The court next resolves certain matters in the litigation that occurred prior to the above-referenced settlement discussions. Defendant Pope filed a motion to introduce more instances of harassment based upon the behavior of Plaintiff's counsel during the discovery process. The letter upon which Defendant Pope bases this motion represents Plaintiff's counsel's good faith effort to confer on discovery disputes before filing a motion to compel. The court does not find anything in the letter which requires court intervention and therefore DENIES AS MOOT Defendant Pope's motion to introduce more instances of harassment [154-1]; DENIES AS MOOT Plaintiff's motion for discovery sanctions [158-1]; and DENIES AS MOOT Plaintiff's motion to strike Defendant Pope's motion [158-2].

Because the litigation has moved toward a determination of whether a settlement agreement was reached, the court DENIES WITH LEAVE TO RENEW Plaintiff's motion to

---

[1] The court also notes that Defendant Pope has filed a motion asking that the name of Ms. Debbie Cawdrey be removed from any consent judgments offered to the court. Defendant Pope has no standing to request action on behalf of Ms. Cawdrey, and the court DENIES Defendant Pope's motion to remove Debbie Cawdrey from consent judgments before this court [169-1].

compel Defendant Pope's responses to discovery requests [157-1] and DENIES WITH LEAVE TO RENEW Plaintiff's motion for sanctions [157-2].

**Conclusion**

The court DENIES AS MOOT Defendant Pope's motion to introduce more instances of harassment [154-1]; DENIES WITH LEAVE TO RENEW Plaintiff's motion to compel [157-1]; DENIES WITH LEAVE TO RENEW Plaintiff's motion for sanctions [157-2]; DENIES AS MOOT Plaintiff's motion for discovery sanctions [158-1]; DENIES AS MOOT Plaintiff's motion to strike [158-2]; DENIES AS MOOT Defendant Pope's motion for reconsideration [168-1]; DENIES Defendant Pope's motion to remove Debbie Cawdrey from consent judgments [169-1]; DENIES Plaintiff's motion for judgment instanter [171-1]; and DENIES Plaintiff's motion for order [172-1].

**IT IS SO ORDERED** this 16th day of January 2007.

       s/ J. Owen Forrester       
       J. OWEN FORRESTER
  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)