IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARTHLINK, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:03-CV-2559-JOF |
| ANDY POPE; SCOTT MASLOWE; : | |
| LUSKY; NETBENDERS, LLC; : | |
| ISN, LLC; and JOHN DOES 17-50 : | |
| (The "Alabama Spammers"), : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for sanctions [175-1] and Plaintiff's motion to enforce settlement agreement [179-1].

In November 2006, it came to the court's attention that the parties remaining in this litigation were attempting to settle the matter. The parties met in Plaintiff's counsel's office in Atlanta on October 4, 2006, and on that date signed a "Confidential Binding Term Sheet Regarding Settlement." This two-page document was attached by *pro se* Defendant Pope as Exhibit C to a previous motion to expedite. (The court has since placed Exhibit C under seal.) The Binding Term Sheet contains numerous categories, including (1) consent judgment and amount, (2) certain terms of a consent permanent injunction, (3) description of manner in

AO 72A
(Rev.8/82)

which judgment was to be executed, (4) payment terms, and (5) other items of settlement. Plaintiff was then to craft the formal settlement agreement and other documents based upon those terms. The Binding Term Sheet included an agreement among the "[p]arties to cooperate in formalization and memorialization of judgment and agreement." *See* Term Sheet, at 2. All parties initialed the first page of the Binding Term Sheet, and the full signatures of Defendants Andy Pope, Scott Maslowe, and Fredric Lusky appear on the second page. EarthLink's agreement was signed by Larry Slovensky, its general counsel. Kelly Lee, counsel for Messrs. Maslowe and Lusky, also signed on the second page, as did counsel for Plaintiff. The first date of performance under the Agreement was scheduled for December 18, 2006.

However, on November 27, 2006, Defendant Pope filed a motion to expedite resolution of the case in which he contended that although he signed the Binding Term Sheet, he told everyone present at the meeting in Atlanta on October 4, 2006, that he did not intend to be bound by the agreement until he had an attorney friend review the document for him. At that time, Defendant Pope asked the court to appoint a mediator.

In an order dated December 8, 2006, the court denied Defendant Pope's motion to appoint a mediator as it appeared that the parties had reached some kind of settlement. Plaintiff then filed a motion for judgment instanter based upon the purported agreement.

AO 72A
(Rev.8/82)

Defendant Pope sent an ex parte letter to the court stating a basis upon which he believed he could defend against the alleged agreement.[1]

In an order dated January 16, 2007, the court noted that the parties disagreed about whether a settlement had been reached. The court instructed Plaintiff to file a motion to enforce settlement if it so desired. The court also addressed the issue of Defendant Pope's ex parte letter to the court and instructed Defendant Pope:

> that should he wish to defend against the settlement agreement on any basis, he must respond to Plaintiff's motion to enforce settlement within the structure established by the court's Local Rules and clearly set forth any and all reasons for his opposition to Plaintiff's motion to enforce settlement agreement. As he has chosen to represent himself in this matter, the court can offer no other advice to Defendant Pope other than to say that his response may not be filed under seal.

*See* Order, dated Jan. 16, 2007, at 3-4.

Plaintiff filed the instant motion to enforce settlement agreement on January 31, 2007. Plaintiff attached to its motion a proposed order of permanent injunction and a proposed order of judgment. In its motion, Plaintiff argues that the parties' signatures on the Binding Term Sheet indicate an intent to settle and an agreement on all material terms of the settlement. Furthermore, after the meeting on October 4, 2006, Plaintiff argues, Defendant Pope

---

[1]The court also addressed in this order the fact that Defendant Pope had no standing to make any argument with respect to Debbie Cawdrey, another party in the litigation. Therefore, the court DENIES Plaintiff's motion for sanctions [175-1].

3

undertook activities that demonstrated his agreement, such as participation in drafting of other documents anticipated under the terms of the agreement.

In his response, Defendant Pope again states that he informed everyone on October 4, 2006, when he signed the agreement that he would not be bound by it until he had someone look at it and advise him with respect to it.  He states he has now decided that he does not want to be bound by it "because of certain statements and Pope having more of a liability than the Lusky Defendants."  Response, at 1.  Defendant Pope further avers that "[d]uring the Christmas Holidays while talking to relatives about the above case, he was told that he could not be legally bound to any agreement that he signed because of a Court Order issued in a State Court many years ago."  *Id.* at 2.  He attaches a sworn statement to his response which states "Because of a Court Order in a State Court many years ago that is still in force, I can not be legally bound to the Agreement that Plaintiff has presented to this Court for enforcement."  *Id.*, Sworn Statement, at 1.  Defendant Pope makes no other response.

The enforcement of settlement agreements is governed by Georgia state contract law. *See Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985).

> Under Georgia law, an agreement in settlement of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract.  Thus, there must be a meeting of the minds between the parties as to the terms of the contract.  Assent to the terms of an agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely.

4

*Id*. (citations omitted). *See also Greenwald v. Kersh*, 275 Ga. App. 724 (2005) ("the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced"). A district court has the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens & Southern National Bank*, 928 F.2d 1118, 1131 (11th Cir. 1991) (quotation and citation omitted).

Here, the Binding Term Sheet set forth an extensive description of material terms of an agreement to settle the dispute. Each of the parties, including Defendant Pope, placed his signature on the extensive provisions of the settlement agreement set forth in a Binding Term Sheet. Furthermore, Defendant Pope took actions which indicated his consent to be bound by the Term Sheet. He negotiated back and forth with Plaintiff's counsel on the language of various documents that were being drafted to memorialize the terms of the Binding Term Sheet. The court finds that the parties had a meeting of the minds on material terms of a settlement and that their assent to the terms of the agreement was demonstrated by their signatures on the Binding Term Sheet as well as their actions in furtherance of the settlement.

The court now turns to Defendant Pope's purported defenses to the agreement. Defendant Pope avers that he informed all parties at the settlement meeting on October 4, 2006, that although he was signing the Binding Term Sheet, he did not in fact intend to be bound to those terms until he had someone else review the agreement for him. This court's Local Rules require that if "allegations of fact are relied upon, supporting affidavits must be

5

attached to the memorandum of law." *See* Local Rule 7.1A(1), N. D. Ga.  Defendant Pope has not provided any affidavit or sworn statement concerning what he may have said during the October 4, 2006 settlement meeting.  There is nothing in the record that suggests the court should trust this statement any more than any other of Defendant Pope's numerous assertions in the litigation.  Therefore, the court cannot rely upon this unsworn argument in opposition to Plaintiff's motion to enforce settlement.

The court recognizes that Defendant Pope is proceeding *pro se*, however, this does not excuse his failure to comply with the court's Local Rules.  *See*, *e.g.*, *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that *pro se* litigant must comply with procedural rule regarding provision of transcripts); *GJR Investments v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1989) ("Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education.  Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989) ("once a pro se [] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Defendant Pope next contends that he cannot be bound to the terms of the settlement agreement because of a "Court Order in a State Court many years ago."  *See* Sworn Statement, at 1.  In contrast to his assertion concerning an attorney, Defendant Pope did provide a

6

"sworn" statement concerning this factual assertion. However, it is patently clear that the court cannot rely upon it for any purpose. Defendant Pope has not attached a copy of the court's order; he has not explained the circumstances upon which it was entered or why it would render him unable to be legally bound by the settlement agreement; he has not even supplied the year or the court in which the purported order was entered. There is no basis in Defendant Pope's statement for finding that he was not legally competent to enter into the settlement reached on October 4, 2006.

Again, in light of Defendant Pope's *pro se* status, in its January 16, 2007 order, the court explained to him that he needed clearly to set forth any and all reasons that he believed he could not be bound by the settlement reached. However, despite this instruction, Defendant Pope's response does nothing of the sort.

For the foregoing reasons, the court GRANTS Plaintiff's motion to enforce settlement agreement [179-1]. The court will separately enter the consent judgment and consent order of permanent injunction attached by Plaintiff to its motion to enforce settlement agreement.

**IT IS SO ORDERED** this 14th day of March 2007.

      s/ J. Owen Forrester
      J. OWEN FORRESTER
      SENIOR UNITED STATES DISTRICT JUDGE